[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action by writ, summons and complaint, dated December 11, 1989 is brought in two counts, the first for breach of oral contract for failing to pay for services rendered and the second for unjust enrichment.
The plaintiff, at all times relevant hereto, is a corporation authorized to do business in the State of Connecticut.
The defendants, William Associates, IV is a general partnership with an office and principal place of business in Ridgefield, Conn. and the defendants; Walter J. Lewis, Jr., Victor J. Buselli, Robert N. Williams and Norman J. Voog were general partners thereof.
After a full hearing, all parties represented by counsel, by a preponderance of the credible, relevant and legally admissible evidence, the court finds, rules, determines and concludes as follows:
On or about May 1988, and on diverse occasions thereafter through to on or about September of 1989, the plaintiff orally agreed to provide and the defendants orally agreed to pay for certain labor and equipment for the purposes of the defendants development of a residential, commercial project located on Banner Road in Moodus, Connecticut.
Pursuant to the agreement between the parties as aforesaid, from May 1988 to September 1989, the plaintiff provided labor and equipment as required in the construction CT Page 10922 of the project, including the construction of a sanitary sewer system, septic system and storm drainage system.
Pursuant to the aforementioned agreement, the plaintiff provided labor and equipment for, and, invoiced the defendants in the amount of $276,217.00.
To date, the defendants have paid $157,600. against the invoices leaving a balance due of $118,617.
Of the $118,617. due and owing, $47,742. has been invoiced and due and owing since at least May, 1989, and the remainder, $70,875. was invoiced and has been due and owing since September of 1989.
On October 6, 1988, one of the defendants, Robert N. Williams, and the balance of the partners entered into an agreement terminating the partnership as to Robert N. Williams. After that date, the partnership continued but Robert N. Williams was no longer a partner. The plaintiff continued to perform under its agreement with the defendants after the date that Williams ceased to be a partner.
The plaintiff introduced invoices which provided the court with a daily accrual so the court is able to determine on any given date the amount due the plaintiff from the partnership.
The court finds that on October 6, 1988, there was due and owing the defendant by the partnership the sum of $107,119. and that after that date and up until July 31, 1989 the plaintiff provided labor and equipment and billed the partnership an additional $169,105.
The plaintiff also provided evidence to the effect that he was paid against these invoices a total of $157,600. leaving a balance due of $118,617. By February 17, 1989, the partnership paid to the plaintiff $116,600. towards the invoices.
The court agrees that without the consent of the partnership creditors the dissolution of a partnership does not of itself discharge the existing liability of any partner. General Statutes Sec. 34-74 (1). Therefore, the defendant Williams as of October 6, 1988 was liable for the obligations CT Page 10923 of the partnership as they stood on that date, here Williams was jointly and severally liable to the plaintiffs in the amount of $107,119. General Statutes Sec. 34-53 (b). The court finds that after that date, there being no credible evidence offered to indicate that the plaintiff continued to perform in reliance that Williams was still a partner, Williams was no longer liable for the partnership debts.
Williams cannot be looked to for those invoices reflecting services and equipment provided after October 6, 1988.
The court finds that Williams was discharged from any liability due the plaintiff from the partnership on February 17, 1989 when the payments totaled $116,600; thereby extinguishing Williams liability of $107,119.
The court finds there is due from the partnership the sum of $118,617.
Accordingly, judgment may enter for the defendant, Robert N. Williams against the plaintiff on counts one and two of the plaintiffs' complaint.
And, judgment may enter for the plaintiff on counts one and two of its complaint, in the amount of $118,617. plus interest from the date of judgment and costs, against the defendants, William Associates, IV, Walter J. Lewis, Norman J. Voog and Victor J. Buselli.
SPALLONE STATE TRIAL REFEREE